958 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Joe ACOSTA, Defendant-Appellant.
 No. 91-50013.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided March 18, 1992.
 
 Before JAMES R. BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Joe Acosta appeals his conviction for bank robbery, in violation of 18 U.S.C. § 2113(a). He contends that the district court's supplemental jury instructions improperly shifted the burden of proof from the government to him. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 "[T]he district court has the responsibility to eliminate confusion when a jury asks for clarification of a particular issue." United States v. Hayes, 794 F.2d 1348, 1352 (9th Cir.1986), cert. denied, 479 U.S. 1086 (1987). The "necessity, extent and character" of supplemental instructions lies within the discretion of the district court. United States v. Solomon, 825 F.2d 1292, 1295 (9th Cir.1987), cert. denied, 484 U.S. 1046 (1988). The adequacy of any one jury instruction is determined by considering the jury instructions as a whole. Id.
 
 Here, the jury asked:
 
 4
 There is a question of how many counts per each robbery? Do we submit on 3 counts per each incident or 3 counts per total robberies?
 
 ER 4. The district court answered:
 
 5
 There is one Count devoted to each of the three robberies. You should vote guilt or innocence in Count One to the November 20, 1989 robbery. You should vote guilt or innocence in Count Two to the December 26, 1989 robbery. You should vote guilt or innocence as to Count Three concerning the December 29, 1989 robbery.
 
 
 6
 ER 5.
 
 
 7
 Acosta contends that the use of the term "innocence" as opposed to "not guilty" shifted the burden of proof to the defendant to prove his innocence.
 
 
 8
 The district court's initial instructions clearly informed the jury that the "burden [of proof] is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant...." SER 55. The district court's use of the term "innocence" instead of "not guilty" in its supplemental instruction did not shift the burden of proof from the government, especially when the jury expressed no confusion as to where the burden of proof properly lay. See Hayes, 794 F.2d at 1354. There was no error. See id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3